(No. 29034.—

ARTHUR F. HAACK *et al.*, Appellees, *vs.* LINDSAY LIGHT AND CHEMICAL COMPANY, Appellant.

*Opinion filed March 20, 1946—Rehearing denied May 16, 1946.*

Winston, Strawn & Shaw, of Chicago, and Charles W. Hadley, of Wheaton, (John C. Slade, Douglas C. Moir, Bryce L. Hamilton, and Edward J. Wendrow, all of Chicago, of counsel,) for appellant.

Perry & Elliott, of Wheaton, for appellees.

Mr. Justice Stone delivered the opinion of the court:

This cause is here on leave to appeal granted to review the judgment of the Appellate Court, Second District, reversing in part and affirming in part the decree of the circuit court of Du Page county perpetually enjoining appellant from permitting the escape of gases and other substances from its chemical plant in West Chicago. The decree perpetually enjoined the appellant from continuing to so operate its business and manufacturing plant that certain gases and fumes therein named are emitted or issued from the building and premises, and enjoining it from continuing to operate its business in such a manner as to interfere with the reasonable comfort and enjoyment by the plaintiffs of their respective homes.

Appellant owns and operates a plant in which it manufactures or produces a variety of rare earth chemicals ex-

tracted by the use of large quantities of sulphuric acid applied to monazite sand.

In 1942 appellees and thirty-one other separate owners of residences in the neighborhood of appellant's plant filed a composite suit against it for damages to their property, suffered in consequence of appellant's operations for a period of five years next preceding the date of the suit. There were filed thirty-three counts, each representing the claim of the owner or owners of particular premises described in the complaint. Each count alleged that there was emitted from appellant's plant divers noisome, unwholesome, offensive, unhealthy and destructive smokes, smells, stenches and vapors, rendering unwholesome and unhealthy the air of the neighborhood, and that their homes were greatly damaged.

Answer was filed and trial was had before a jury. During the trial, six of the thirty-three counts and the claims represented by six plaintiffs were voluntarily dismissed. The remaining twenty-seven counts, including those of appellees, were submitted to a jury. Twenty-seven separate verdicts were returned, in seven of which appellant was found not guilty. The remaining twenty verdicts found appellant guilty and assessed the respective plaintiffs' damages at one dollar for the five-year period.

Thereafter this proceeding in equity before us was filed. The complaint has been drawn on the theory that the verdict and judgment in the civil suit establishes a fact conclusive as to appellant, that by the operation of its plant appellant is guilty of maintaining a common nuisance which will be abated by injunction in a court of equity as a matter of course. On hearing before the chancellor, appellees introduced in evidence the verdict of the jury and the testimony of witnesses as to conditions complained of and that they had existed for more than five years prior to the filing of the chancery proceeding. The decree hereinabove referred to was entered.

In the Appellate Court, appellees' sole contention was that, by established rules of equity, the verdict having awarded damages for the maintenance of the nuisance for five years, the fact of the existence of such nuisance as a continuing one was established, and such nuisance is one which equity will abate as a matter of course. This view was adopted by the Appellate Court and became the basis of its opinion. That court held that the plaintiffs having established their right in a court of law, by establishing that the defendant was maintaining a nuisance, thus established a case for the intervention of a court of equity, and that the equitable doctrine of *laches* relied upon by defendant should not bar the action. Thus there was applied a statement made in the opinion in the case of *City of Pana* v. *Central Washed Coal Co.* 260 Ill. 111: "When, however, the existence of a nuisance has been established at law, a court of equity will grant an injunction as a matter of course," citing 2 Joyce on Injunctions, sec. 1064, 2 Beach on Injunctions, sec. 1064, and 1 High on Injunctions, 3d ed., sec. 741.

It will appear, upon reading the opinion in the *Pana case,* that this statement was not necessary to the decision of the court, the injunction in that case having been denied, and there is in this case, by reason of the emphasis placed upon this *dictum* in the *Pana* opinion, and directly raised for the first time, so far as we are advised, the question as to the accuracy and correctness of the statements ascribed to the text writers by the opinion in the *Pana case*. That any injunction should be entered as a matter of course, runs counter to the fundamental principles of equity, since it is the first duty of all courts of equity to consider the equities of any case before it. See *Harrisonville* v. *Dickey Clay Co.* 289 U. S. 334, 77 L. ed. 1208; *Hecht Co.* v. *Bowles,* 321 U. S. 321, 88 L. ed. 754.

The first question, therefore, requiring answer here, is whether the proposition that when the existence of a nui-

sance has been established at law, a court of equity will grant an injunction as a matter of course, is a correct proposition of law in this State. If such a doctrine is to be taken literally, it would mean that in any case where a plaintiff has recovered a judgment in a prior law action for an alleged nuisance, a court of equity must, in a subsequent action, issue an injunction regardless of whether such relief would be equitable or inequitable under the circumstances. In *City of Kankakee* v. *New York Central Railroad Co.* 387 Ill. 109, this court stated the rule to be that even though a nuisance may actually exist, as a usual thing an injunction may not be granted to abate it if redress may be obtained in a court of law.

Investigation discloses that of the text writers who appear as authority for the *dictum* in the *Pana case,* the third edition of High on Injunctions, vol. 1, sec. 741, states that where the plaintiff has obtained a judgment at law against defendants for a nuisance affecting his real property, "and substantial damages have been awarded him, it is almost a matter of course for equity to enjoin the continuance of the nuisance." Both text writers Beach and Joyce cite, in support of their statement of this proposition, the case of *Paddock* v. *Somes,* 102 Mo. 266, 14 S. W. 746, decided in 1890 and relied on by the Appellate Court, where this proposition was sustained. The Missouri court cited Wood on Nuisances, who, in turn, relies on the leading English case of *Wood* v. *Sutcliffe,* 2 Sim. (n.s.) 163, 8 Eng. Law and Equity, 217, 61 Eng. Rep. 303. An examination of this case is interesting. In it, as in the one before us, nominal damages had been recovered in a law action, and the court held that, notwithstanding that fact, a court of equity, in determining whether an injunction should issue, would consider the real equities of the case. In that case damages in the amount of one farthing had been awarded for polluting a stream and the plaintiffs claimed that since the right had been established at law and the acts com-

plained of were continuous, they had a right to an injunction. In refusing an injunction, the court laid down a doctrine of equity which has remained a sound general rule. It is there said: "It must not be forgotten, that of necessity, whenever a court of equity is asked for an injunction in cases of this nature, or at all resembling this, it must have regard not only to the dry strict right of the plaintiff and defendant, but must have regard to the surrounding circumstances—to the rights and interests of other persons who may be more or less involved in it. * * * I cannot concur in the proposition (if it is meant to be asserted,) that on the mere dry fact of the plaintiffs' having the abstract right, and that right being infringed, in ever so minute a way or ever so little, to the practical damnification of the plaintiffs, the court of equity will, as a matter of course, upon the right being established at law, grant an injunction."

It is apparent from reading the *Wood case* that the text writer misconceived the law as laid down by it and other English decisions. This is further evidenced by the statement of the Supreme Court of the United States in *Parker* v. *Winnipiseogee Lake Cotton and Woolen Co.* 67 U. S. 545, 17 L. ed. 333, where that court stated: "After the right has been established at law, a court of chancery will not, as of course, interpose by injunction. It will consider all the circumstances, the consequences of such action, and the real equity of the case," citing, among other cases, *Wood* v. *Sutcliffe*, hereinbefore cited and discussed. See, also, *Bassett* v. *Salisbury Mfg. Co.* 47 N. H. 426.

In *Dunn* v. *Youmans*, 224 Ill. 34, the rule is announced that courts will move with caution in granting any injunction, especially in granting those of mandatory character, and that to entitle a person to relief by injunction he must establish an actual and substantial injury, not merely a technical or inconsequential wrong entitling him to nominal damages. The injunction in that case was refused.

As pointedly observed in *Bassett* v. *Salisbury Mfg. Co.* 47 N. H. 426, cited with approval in *Dunn* v. *Youmans,* 224 Ill. 34, it has often been supposed that when the right has been established at law, plaintiff would be entitled to an injunction as a matter of course; and this misapprehension has arisen probably from the fact that, in a large number of cases, injunctions have been refused upon the expressed ground that the title of plaintiff had not been established at law, leaving room for the inference that if it had been so established the injunction would have issued. "This, however," says that court, "is clearly not the doctrine of courts of equity, for they will not ordinarily exercise this summary and extraordinary power, when substantial justice can be done by courts of law." See, also, *Peterson* v. *City of Santa Rosa,* 119 Cal. 387, 51 Pac. 557.

It seems clear, therefore, that the *dictum* referred to in the *Pana* case is not based on sound principles of equity and should not be adhered to. It is equally clear that the rule in this State and generally, is, and should be, that even though a right has been established in law, a court of equity will not, as a matter of course, interpose by injunction but will consider all the circumstances, the consequences of such action and the real equity of the case.

We turn, then, to a consideration of this record and the question arises whether the verdicts procured by the plaintiffs establish as a matter of law that the defendant's plant, as operated at the time of the hearing of this case, was a nuisance. The Appellate Court and the chancellor in the trial court considered these verdicts as so establishing. The record shows that the law cases of appellees, together with twenty-five other plaintiffs, were tried before one jury. As to seven of the premises and owners the jury found the defendant not guilty. The record shows that the homes of three of those seven plaintiffs were nearer to defendant's plant than the home of either of the appellees here. The verdicts contain no special findings of fact while the plead-

ings raised numerous factual issues. It can scarcely be said, therefore, that these verdicts amount to an estoppel by verdict. Under the rule as to estoppel by verdict, if there be any uncertainty as to whether an issue relied upon was necessary to be determined by the court in entering judgment in cases where more than one issue of fact is presented, estoppel will not be applied for the reason the court may have decided upon one of the other issues of fact. *People ex rel. Winkler* v. *Chicago and Eastern Illinois Railway Co.* 336 Ill. 506; *People ex rel. Mercer* v. *Wyanet Electric Light Co.* 306 Ill. 377.

In this case the sum of but one dollar was given for an alleged injury covering a period of five years. Such amounts to but a nominal damage and represents an inconsequential injury. Had the Appellate Court not felt itself bound by the *dictum* in the *Pana case,* it must have been apparent that instead of supporting the injunction entered, the verdicts recovered by the plaintiffs in reality indicated strong reason for denial of the injunction, for it clearly indicates that the jury was of the opinion that damages sustained by the plaintiffs during the period of five years were but trivial and inconsequential.

It is true, as has sometimes been said, that in cases of this kind it is extremely difficult to measure the damages, but we know of no case similar to this one, and none has been cited to us, in which it has been held that a verdict for damages of one dollar indicates other than that the damage itself was trivial and inconsequential. There is much in the record of this case to so indicate. The evidence offered in both the law case and in the proceeding before us indicates that the damage to the premises consisted largely of a film on the windows, which plaintiffs have characterized as "etching," but which appellant's testimony shows can be cleaned off. There is no evidence of injury to health.

To entitle one to injunctive relief he must establish, as against the defendant, an actual and substantial injury and not merely a technical inconsequential wrong entitling him to nominal damages, only. To warrant the allowance of the writ of injunction it must clearly appear that some act has been done or is threatened against the plaintiff which will produce an irreparable injury to him. (*Cleveland* v. *Martin*, 218 Ill. 73; *Girard* v. *Lehigh Stone Co.* 280 Ill. 479; *Dunn* v. *Youmans*, 224 Ill. 34; *Springer* v. *Walters*, 139 Ill. 419.) As this court observed in *Klumpp* v. *Rhoads*, 362 Ill. 412, "If the damages are of a nature which cannot be adequately compensated for in a suit at law, equity will afford relief by injunction. On the other hand, lawful and useful business may not be stopped on account of trifling or imaginary annoyances which do not constitute real injury."

It is apparent from this record that appellant was not only engaged in a lawful business but was, at the time of this hearing, engaged in essential war work which would have been seriously impaired had it been required by injunction to cease operations. Such may be considered in determining whether the operation of its plant is unreasonable. *Heppenstall Co.* v. *Berkshire Chemical Co.* 130 Conn. 485, 35 Atl. 2d 845.

For the reasons indicated, we are of the opinion it was error to enter the decree enjoining the operation of appellant and the judgment of the Appellate Court and the decree of the circuit court are reversed and the cause remanded to the circuit court with directions to dismiss the complaint.

*Reversed and remanded, with directions.*