**John T. Clark and Nan Price Clark, Appellants, v. Lindsay Light and Chemical Company, Appellee.**

**Gen. No. 10,413.**

Heard in this court at the May term, 1950. Opinion filed July 13, 1950. Released for publication August 1, 1950.

CAMPBELL, CLITHERO & FISCHER, of Chicago, for appellants; DELBERT A. CLITHERO, of Chicago, of counsel.

WINSTON, STRAWN, SHAW & BLACK, of Chicago, and CHARLES W. HADLEY, of Wheaton, for appellee; JOHN C. SLADE, DOUGLAS C. MOIR and EDWARD J. WENDROW, all of Chicago, of counsel.

MR. PRESIDING JUSTICE WOLFE delivered the opinion of the court.

This case was originally appealed to the Supreme Court and transferred by that court to this. The opinion filed by the Supreme Court states the facts which are as follows: "Appellants, John T. Clark and Nan Price Clark, filed a complaint in the Circuit Court of Du Page County seeking to permanently enjoin appellee, Lindsay Light & Chemical Company, a corporation, from polluting a stream which flows through appellants' farm. The record shows that appellee drained its liquid refuse of water and chemicals into a large sump constructed on its premises. The sump had no outlet and the plan was that refuse pumped into it would be absorbed by the surrounding earth. Two hundred feet from the sump was a storm sewer which had been built and was maintained by the city of West Chicago. Chemical seepage from the sump

found its way into the sewer, and from there into the stream which flowed through appellants' land. While this injunction proceeding was pending, appellee constructed a sunken concrete restraining wall between the sump and the sewer in an effort to prevent further seepage and the ultimate pollution of the stream into which the sewer drained.

"The master, to whom the cause was referred, found that the West Chicago storm sewer was an intervening cause of pollution; that the concrete wall had stopped the pollution; and recommended that the suit be dismissed at appellants' costs. Exceptions were taken to the report and, after argument, the cause was again referred to the master. The latter died, however, before proceeding further. At this point in the proceeding, appellants, who had owned 200 acres of farm land adjacent to the stream when they filed their complaint on June 30, 1945, sold 139 acres thereof to a Dr. Wilson, at full market value. The remaining 61 acres were leased to him by appellants. A special master was appointed and, after taking evidence, found that while the pollution was continuing, its effect on appellants was inconsequential as compared to the effect of granting an injunction against appellee. He concluded that under the doctrine of 'balancing of conveniences' or 'weighing of the equities,' a court of equity was not warranted in issuing an injunction, and recommended the cause be dismissed for want of equity. After overruling objections to the report, the chancellor dismissed the complaint as recommended."

The master filed his report in the case and also his conclusions of law relative to the same. In his report he found that there was a pollution of the stream that was caused by the defendant chemical company. The thirteenth finding of his report is as follows: "The record is barren of evidence as to the effect of the pollution and the increased flow of the stream caused by

318

the defendant upon the plaintiffs, except testimony that cows in the pasture would not drink the water and that deposits of whitish substances would collect on the surface and banks of the stream and the aesthetic fact that the stream had an unnatural color. It is evident that in the dry season there would be no water in the stream for the cows to drink, and the fact that there is water in the stream during the dry season is due to defendant's operations. The evidence does not indicate plaintiffs received a reduced price on the sale of the farm or a reduced annual rental for the 61 acres because of the condition of the stream. The plaintiffs did not even consider the condition of the stream serious enough to mention it to the buyer of the 139 acres, although the stream also flowed through a part of the farm which was sold.''

The appellees strenuously deny that they did anything to pollute the water of the plaintiffs, as found by the master in chancery. They do concur in the master's finding that the damage, if any, to the plaintiffs' property is inconsequential. We have read the evidence as abstracted, and it is our conclusion that the evidence fully sustains the master's findings. The master in reporting his conclusions of law to the court stated, and we quote from the findings: ''The plaintiffs in this case contend that the law laid down in the case of *Barrington Hills Country Club v. Barrington,* 357 Ill. 11, and cases prior to that case, are still the law of this State with reference to the fact that individuals have the right to have the flow of a stream through their property unpolluted, undiminished and not increased. They contend that the case of *Haack v. Lindsay Light & Chemical Co.,* 393 Ill. 367, did not in any way qualify the law as to the old common law rights and that this last cited case simply decided that where one obtained a law judgment for the sum of $1.00, this does not ipso facto entitle that person to injunctive relief.

"The defendants, however, contend that by the decision in the *Haack* case *supra,* our Supreme Court has departed from its former holdings and is now committed to the doctrine of 'balancing of conveniences' and 'weighing of the equities.'

"If defendant's contention is true, our courts are now required to balance the fact of the pollution or increased flow upon the plaintiffs' rights, as against the effect which injunctive relief would have upon the defendant's operations.

"The undersigned finds that our Supreme Court, in the *Haack* case, has adopted the doctrine of 'balancing of conveniences' or 'weighing of the equities' and if this were not true, the language of the Supreme Court in the *Haack* case, wherein they were quoting from *Wood v. Sutcliffe* [2 Sim. (n. s.) 163, 8 Eng. Law & Eq. 217, 61 Eng. Rep. 303], as follows: . . ." It is on this theory of the case that the trial court decided that the plaintiffs were not entitled to the injunction and dismissed their bill for want of equity.

 It is seriously insisted by the appellants that the case of *Haack v. Lindsay Light & Chemical Co., supra,* 393 Ill. 367, did not in any wise modify or overrule the law as stated in *Barrington Hills Country Club v. Barrington,* 357 Ill. 11. Finding the facts as we do in this case, it becomes then a question of law whether the *Barrington* case, *supra,* or the *Haack* case, *supra,* is controlling in this case. In reading the *Haack* case it will be observed that so far as the merits of the *Barrington* case were concerned, they were not discussed whatsoever, but the court evidently had that case in mind, because it was called to their attention on another phase of the suit, namely, whether there was a freehold involved in the present litigation, or in the *Barrington* case. In *Haack v. Lindsay Light & Chemical Co., supra,* it will be observed that the defendants in that case are the same as the appellee defendant in

the present case, and the court there held that on account of the damage being of a nominal character, that injunctive relief would be denied. In the course of their opinion they use this language: "To entitle one to injunctive relief he must establish, as against the defendant, an actual and substantial injury and not merely a technical inconsequential wrong entitling him to nominal damages, only. To warrant the allowance of the writ of injunction it must clearly appear that some act has been done or is threatened against the plaintiff which will produce an irreparable injury to him. (*Cleveland v. Martin*, 218 Ill. 73; *Girard v. Lehigh Stone Co.*, 280 Ill. 479; *Dunn v. Youmans*, 224 Ill. 34; *Springer v. Walters*, 139 Ill. 419.) As this court observed in *Klumpp v. Rhoads*, 362 Ill. 412, 'If the damages are of a nature which cannot be adequately compensated for in a suit at law, equity will afford relief by injunction. On the other hand, lawful and useful business may not be stopped on account of trifling or imaginary annoyances which do not constitute real injury.' "

██ In the present case the master found that there has been no monetary damage proven by the plaintiffs at all. The plaintiffs are not now in the actual possession of the land, as they have rented it to Doctor Smith, and there is no evidence in the record that it was not rented for its full market rental value. Under the law as stated in *Haack v. Lindsay Light & Chemical Co., supra*, it is our conclusion that the trial court properly found that the damage to plaintiffs' property was too small for injunctive relief and properly dismissed the complaint.

The judgment of the trial court is hereby affirmed.

*Judgment affirmed.*