Village of Fox River Grove, Plaintiff-Appellee, v. Aluminum Coil Anodizing Corporation, Defendant-Appellant.

**Gen. No. 69–42.**

Second District.
October 28, 1969.
Rehearing denied November 26, 1969.

Charles F. Marino, of Chicago, for appellant.

Regina F. Narusis, of Cary, for appellee.

PRESIDING JUSTICE THOMAS J. MORAN delivered the opinion of the court.

The defendant was found guilty of violating one of plaintiff's ordinances relating to the discharge of waste into its public sewer and fined $200.

On review, it is contended that (1) the ordinance and action of the plaintiff violated the due process requirements of the Federal and State Constitutions because (a) the ordinance was unreasonable in prohibiting any waste, with a pH count of less than 5.5, from being discharged into the public sewer without reference as to whether the quantity of discharge is sufficient to cause damage and (b) the plaintiff acted unreasonably by repealing a former ordinance upon the subject that provided for notice and a reasonable time to correct any violation and (2) the plaintiff failed to prove a clear violation of the ordinance because (a) no proof was introduced that the alleged wastes were discharged into a public sewer and (b) the proof that the wastes contained a pH count of 2.4 was insufficient.

The pertinent portions of the ordinance under attack provide in part as follows:

". . . no person shall discharge or cause to be discharged any of the following described waters or wastes to any public sewer:

". . .

"(f) Any waters or wastes having a pH lower than (5.5) or higher than (9.0), or having any other corrosive property capable of causing damage or hazard to structures, equipment, and personnel of the sewage works. . . ."

Only two witnesses appeared at the trial, both on behalf of the plaintiff. The first witness, a sanitary engineer employed by the Illinois Department of Public Health, testified that, in company with another man, he took approximately 500 millimeter of waste water from a manhole in the building sewer of the defendant company. About half of that amount was sent to his department's laboratory in Springfield for analysis. In the presence of the witness, the other man checked the remainder of the amount taken by using litmus paper. In comparing the changed color of the litmus paper with a graph, it was determined that the pH quantity of the material was between 2.0 and 3.0. The quantity sent to Springfield was tested, utilizing the glass electrode which is the best known method, and the results indicated a pH of 2.4.

 The defendant first argues that the ordinance is unconstitutional or, in any event, unreasonable because it prohibits the discharge of "any" waste. We do not so read the ordinance. The ordinance does not prohibit the discharge of any waste. Indeed, waste having a pH between 5.5 and 9.0 may be discharged in any quantity. It is only those wastes which have a pH of less than 5.5 or more than 9.0 which are prohibited. For purposes of understanding, the number 7.0 indicates a neutral water or waste. A lower number indicates an acid water or waste and a higher number, an alkali water or waste,

so that a water or waste with a rating of 6.0 would contain acid but it would be permitted under the ordinance. On the record before us we cannot say that this is an unreasonable rule.

The corporate authorities of each municipality have power to regulate the construction, repair and use of sewers, section 11–20–10 and section 11–109–1 of the Municipal Code (Ill Rev Stats 1967, c 24, §§ 11–20–10 and 11–109–1) and to make and enforce all necessary rules and regulations for the care and protection of its sewerage system, section 11–141–7 of the Municipal Code (Ill Rev Stats 1967, c 24, § 11–141–7). In short, the corporate authorities have adequate legislative power and they have exercised that power in a reasonable manner, The City of Nokomis v. Sullivan, 14 Ill2d 417, 422–423, 153 NE2d 48 (1958).

██ ██ Before the adoption of the current ordinance, the plaintiff had an ordinance on the same subject matter which provided for a written notice of violation and an opportunity to the person to whom the notice was directed to correct the condition. Sometime prior to the violation herein charged, that ordinance was repealed and the ordinance, under which this proceeding commenced, simply provided the usual fine without previous notice or right of correction. Defendant argues that it is unreasonable to repeal a notice provision of the ordinance and unreasonable not to give a reasonable time to correct violations. The defendant cites no authority for this proposition and, indeed, there is none. The amendatory ordinance was published and this is notice to the world of its existence. The plaintiff is not required to give any other notice or to permit a reasonable time to correct violations.

██ ██ The defendant next argues that the plaintiff did not prove a violation in that it failed to prove that the waste in question was discharged into a public sewer and that the proof regarding the pH content of the waste

in question was insufficient. Unfortunately, these arguments were not made in the trial court and need not be considered by us. Be that as it may, the record indicates clearly that the waste was found to be discharged into the public sewer and that the only two tests taken indicated that the waste did not meet the standard established by the ordinance. The defendant did not offer any expert testimony, it did not offer any evidence that the discharge was not directed into a public sewer. In fact, it did not offer any evidence at all. The trial court specifically found that the plaintiff had sustained its burden of proof and proved a violation of the ordinance. That finding is not against the manifest weight of the evidence and it is, therefore, affirmed.

Judgment affirmed.

DAVIS and SEIDENFELD, JJ., concur.