THE PEOPLE *ex rel.* WILLIAM J. SCOTT, ATTORNEY GENERAL, Plaintiff-Appellee, *v.* ALUMINUM COIL ANODIZING CORPORATION, Defendant-Appellant.

(No. 70-135;

Second District—March 17, 1971.

Charles F. Marino, of Chicago, for appellant.

William J. Scott, Attorney General, of Chicago, (Francis T. Crowe and Samuel E. Hirsch, Assistant Attorneys General, of counsel,) for the People.

Mr. JUSTICE ABRAHAMSON delivered the opinion of the court:

The Attorney General of the State of Illinois, on behalf of the People, instituted an action on May 8, 1970, in the Circuit Court of McHenry County, against the defendant, Aluminum Coil Anodizing Corporation, seeking to enjoin the defendant from discharging alleged pollutants into the Fox River. Count I of the complaint alleged that the defendant was a producer and processor of aluminum and was allowing effluents with high acidity content to be discharged into the sewage system of the

Village of Fox River Grove, causing corrosion of the system, destruction of the sewage treatment plant, and pollution of the Fox River, where emissions from the sewer plant eventually flow. Further relief was sought in Count II, alleging that the defendant's activities constituted a public nuisance. The prayer for relief as to both counts was that the court specify a time not to exceed twenty-one (21) days after service of the complaint on defendant for filing an answer; that in the meantime a temporary restraining order be entered to prevent the pollution alleged; that in case of default or after answer the court immediately conduct its hearing on trial of the issues and enter an appropriate order permanently restraining the defendant from polluting the waters of McHenry County.

The pollution count was brought pursuant to Ill. Rev. Stat. 1969, ch. 14, par. 12, which is a relatively new statute giving the Attorney General the power and authority to prevent air and water pollution by instituting legal action against polluters.

A motion for temporary injunction was filed simultaneously with the verified complaint asking that the court temporarily enjoin the alleged pollution, and a date was set for a hearing on the motion. The defendant, through its counsel, appeared at the hearing and filed a verified answer to the complaint, admitting that it operated an aluminum processing plant in Fox River Grove, but denying that it was causing any pollution of the Fox River. The defendant also objected to the motion for temporary injunction on the grounds that once the verified answer had been filed, denying all material allegations in the complaint, the court was prevented from issuing a temporary injunction without a hearing on the facts.

The court overruled defendant's objections and entered an order temporarily restraining and enjoining the defendants from causing, permitting or allowing any acidic, contaminated or polluted industrial waste to be dscharged into the waters of the State of Illinois. The court based the temporary injunction on the grounds that the people of the state would be immediately and irreparably injured, but failed to elicit any evidentiary matter from the Attorney General to support its ruling. The defendant duly perfected its appeal to this court with the understanding that the injunction was stayed during the pendency of the appeal.

The primary issue before this court is whether or not the trial court was in error in granting the motion for a temporary injunction without first conducting a hearing and inquiring into the facts and circumstances, after the defendant had filed its verified answer denying the material allegations in the complaint.

The defendant contends that Ill. Rev. Stat. 1969, ch. 14, par. 12, requires such a hearing. The statute reads as follows:

"The Attorney General has the power and authority, notwithstanding and regardless of any proceeding instituted or to be instituted by or before the Air Pollution Control Board, Sanitary Water Board or any other administrative agency, to prevent air pollution or water pollution within this State by commencing an action or proceeding in the circuit court of any county in which such pollution has been, or is about to be, caused or has occurred, in order to have such pollution stopped or prevented either by mandamus or injunction. The court shall specify a time, not exceeding 21 days after the service of the copy of the petition of mandamus or injunction for answer, and in the meantime the party shall be restrained from continuing such pollution pending hearing before the court. In case of default, or after answer, the court shall immediately inquire into the facts and circumstances of the case and enter an appropriate order in respect to the matters complained of. An appeal may be taken from the final judgment in the same manner and with the same effect as appeals are taken from judgments of the circuit court in other actions for mandamus or injunction."

This language indicates that when the statute is invoked by the Attorney General, an immediate *ex parte* restraining order could be entered against an alleged polluter at the time of filing the suit, and that an alleged polluter could be immediately restrained from continuing such pollution pending a hearing before the court. Should this be done, (Ill. Rev. Stat. 1969, ch. 69, pars. 3 and 3—1), the injunction statutes, must be followed. These statutes read as follows:

"3. No court or judge shall grant a preliminary injunction without previous notice of the time and place of the application having been given the adverse party unless it clearly appears, from specific facts shown by the verified complaint or by affidavit accompanying the same, that immediate and irreparable injury, loss or damage will result to the applicant before notice can be served and a hearing had thereon. As amended by act approved Aug. 7, 1967. L.1967, p. 2714.

3—1. No temporary restraining order shall be granted without notice to the adverse party unless it clearly appears from specific facts shown by affidavit or by the verified complaint that immediate and irreparable injury, loss or damage will result to the applicant before notice can be served and a hearing had thereon. Every temporary restraining order granted without notice shall be indorsed with the date and hour of issuance; shall be filed forthwith in the clerk's office and entered of record; shall define the injury and state why it is irreparable and why the order was granted without notice; and shall expire by its terms within such time after entry, not to exceed 10 days, as the court fixes, unless within the time so fixed the order, for good cause shown, is ex-

tended for a like period or unless the party against whom the order is directed consents that it may be extended for a longer period.

Every order granting an injunction and every restraining order shall set forth the reasons for its issuance; shall be specific in terms; shall describe in reasonable detail, and not by reference to the complaint or other document, the act or acts sought to be restrained; and is binding only upon the parties to the action, their officers, agents, servants, employees, and attorneys, and upon those persons in active concert or participation with them who receive actual notice of the order by personal service or otherwise. Added by act approved Aug. 7, 1967. L. 1967, p. 2714."

■■■ Only if there are specific facts in the verified complaint or affidavits presented to establish the probability of irreparable injury, loss or damage occurring as the result of the pollution, will a temporary injunction be issued without notice. Therefore, Ill. Rev. Stat. 1969, ch. 69, pars. 3 and 3—1, must be considered *in pari·materia* with Ill. Rev. Stat. 1969, ch. 14, par. 12. In other words, even though Ill. Rev. Stat. 1969, ch. 14, par. 12, states that a party "shall" be restrained from continuing such pollution pending hearing, there must still be sufficient facts alleged in the verified complaint or accompanying affidavits to warrant such an injunction.

■■ Nothing in Ill. Rev. Stat. 1969, ch. 14, par. 12, requires a hearing before a temporary restraining order is issued if the complaint or affidavits show *prima facie,* that immediate and irreparable injury will result. (*Weingart v. Weingart* (1959), 23 Ill.App.2d 154, 164, 161 N.E.2d 714; *Bowman Shoe Company v. Bowman* (1959), 21 Ill.App.2d 423, 440, 158 N.E.2d 112; *City of Aurora v. Warner Bros.* (1958), 16 Ill.App.2d 273, 284, 147 N.E.2d 694; and *O'Brien v. Matual* (1957), 14 Ill.App.2d 173, 187, 144 N.E.2d 446.) However, this statute also provides that "In case of default, or after answer, the court shall immediately inquire into the facts and circumstances of the case." This language indicates that a temporary injunction issued *ex parte* is good only until default or the verified answer is filed and a hearing conducted on the facts.

The Attorney General chose not to seek an *ex parte* temporary restraining order when he filed suit, but instead set a date for a hearing on the motion. As the defendant had filed its verified answer when the motion was heard, the trial court was compelled to inquire into the facts and circumstances of the alleged pollution before deciding upon the propriety of an injunction.

■■ At this point, the trial court could not and should not have relied upon the allegations in the complaint as they had been specifically denied by the defendant in its answer. The oral argument of the Assistant

Attorney General was not proper evidence. The trial court could not properly have considered the fact (revealed in oral argument) that on a previous occasion the defendant had been found guilty in another court of law of discharging pollutants into the Fox River in violation of a local ordinance. (See *Village of Fox River Grove v. Aluminum Coil*, 114 Ill.App.2d 226, 252 N.E.2d 225.) The prior violation of the local ordinance in no way established the facts necessary to prove the right to an injunction in this particular case. (*Haack v. Lindsay Chemical Company* (1946), 393 Ill. 367, 373.) Further, the prior conviction does not establish that defendant was, at the time of the hearing, polluting the rivers of the state and does not establish that the industrial waste was a pollutant as defined in Ill. Rev. Stat. 1969, ch. 19, par. 145.2, a fact necessary to establish a violation of Ill. Rev. Stat. 1969, ch. 14, par. 12, and ch. 100½, par. 26(3).

The Attorney General contends that it was unnecessary for the trial court to "inquire into the facts and circumstances of the case," because the facts needed to establish a violation of Ill. Rev. Stat. 1969, ch. 14, par. 12, were furnished by certain admissions of defense counsel at the time of the hearing. According to plaintiff, defendant's admissions reduced the hearing to a mere question of law. A close examination of the oral argument of defense counsel fails to substantiate plaintiff's position. On several occasions, defense counsel did state hypothetical questions and did make argumentative or rhetorical statements, but they in no way constituted admissions of the issues in question.

■■ The trial court was, therefore, in error in issuing a temporary injunction against the defendant after an answer had been filed without first inquiring into the facts and circumstances of the case. The necessary evidence to support the temporary injunction was, under the circumstances, missing.

The order of the Circuit Court as entered on May 15, 1970, granting the motion for temporary injunction is hereby vacated and set aside. The cause is reversed and remanded for further proceedings consistent with this opinion.

Reversed and remanded.

SEIDENFELD and GUILD, JJ., concur.