PITTSBURG, FORT WAYNE AND CHICAGO RAILWAY COMPANY *et al.*

*v.*

JOHN CHEEVERS *et al.*

*Filed at Ottawa March 31, 1894.*

1. NUISANCE—*abatement, in equity.* A bill in equity will not lie at the suit of a railway company to enjoin the use of the sidewalk and street adjoining its passenger station by hotel and other runners, where such use does not interfere, hinder or interrupt its business, although such use may be so conducted as to be a nuisance to the traveling public.

2. In order to lay the basis for equitable relief in such case, it is necessary to show that the complainant is injured in his property rights.

by the obstruction or interference with his easement and right to an uninterrupted use of the public street in front of his premises. The detriment and annoyance he suffers in common with the public, and which is only indirect, must be left to the public authorities to regulate and control, and can not be remedied by a court of equity on the application of one as a member of the public.

3. Equitable relief—*when granted against public nuisance.* Such obstruction of a public street as will entitle an owner of land abutting thereon to the aid of a court of equity to abate, must be shown to be such as works an injury to him, not merely greater in degree than is sustained by others of the general public, but such as is special and peculiar in its effects on him in relation to the use and enjoyment of his property.

Appeal from the Appellate Court for the First District;—heard in that court on appeal from the Circuit Court of Cook county; the Hon. M. F. Tuley, Judge, presiding.

Mr. George Willard, for the appellants:

The carrier owes to his passenger not only the duty of carrying him safely, but the duty of protecting him from annoyance and vexation during the existence of the relation. Act of May 14, 1877, relating to protection to passengers.

Full power and authority are given by statute to regulate the manner in which passengers and property shall be transported. Gen. Railroad act, sec. 19, p. 9.

Station buildings must not only be provided, but they must be kept well lighted and warmed for the comfort of the patron. Act of March 31, 1874, relating to fencing and operating railroads, sec. 22.

Union depot companies are authorized by statute, "in order to facilitate the public convenience and safety in the transmission of goods and passengers from one railroad to another." Act of April 17, 1875, relating to union depots.

Railway companies have the right to exact observance of all reasonable rules calculated to insure comfort, convenience and safety of its passengers. *Railroad Co.* v. *Whittemore,* 43 Ill. 420; *Railroad Co.* v. *Williams,* 55 id. 185; *Railroad Co.*

v. *Grush*, 67 id. 262; *Railroad Co.* v. *Williams*, 77 id. 354; *Railroad Co.* v. *Griffin*, 68 id. 499; *Railroad Co.* v. *Bryan*, 90 id. 126; *Railroad Co.* v. *Hans*, 111 id. 114; *Railroad Co.* v. *Pillsbury*, 123 id. 9; *Jencks* v. *Coleman*, 2 Sum. 221; *Day* v. *Owen*, 5 Mich. 520; *Bass* v. *Railroad Co.* 36 Wis. 450; *Commonwealth* v. *Power*, 7 Metc. 596; *Harris* v. *Stevens*, 31 Vt. 79; *Vinton* v. *Railroad Co.* 11 Allen, 304; *Summit* v. *State*, 8 Lea, 413; *Barker* v. *Railway Co.* 86 E. C. L. 46.

The action of the runners and drivers, and the effect thereof, as shown by the evidence, constitutes, in law, an invasion of complainants' rights, and entitles them to the relief prayed. *Carter* v. *Chicago*, 57 Ill. 283; *Pekin* v. *Winkle*, 77 id. 56; *Stack* v. *East St. Louis*, 85 id. 377; *City of Morrison* v. *Hinkson*, 87 id. 587; *Dock Co.* v. *Garrity*, 115 id. 155; *Railroad Co.* v. *Belleville*, 20 Ill. App. 580; *Branahan* v. *Hotel Co.* 39 Ohio, 33; *Barker* v. *Commonwealth*, 19 Pa. 412; *Callanan* v. *Gilman*, 107 N. Y. 360; *People* v. *Mayor*, 59 How. Pr. 277; *Elias* v. *Sutherland*, 18 Abb. N. C. 126; *Sherry* v. *Perkins*, 147 Mass. 212; *Turner* v. *Holtzman*, 54 Md. 148; *Wilder* v. *De-Cou*, 26 Minn. 10.

Messrs. Black & Fitzgerald, for the appellees:

As to the right of a private person to enjoin a nuisance, etc., in a public street, see *McDonald* v. *English*, 85 Ill. 233; Wood on Nuisances, sec. 829; Angell on Highways, sec. 285; *Francis* v. *Schoelkopf*, 53 N. Y. 155; *Pierce* v. *Dart*, 7 Cow. 609; *Higbee* v. *Railroad Co.* 19 N. J. 278; *Hogan* v. *Railroad Co.* 71 Cal. 83; *Chicago* v. *Building Ass.* 102 Ill. 379; *Wylie* v. *Ellwood*, 134 id. 281; *Carter* v. *Chicago*, 57 id. 283; *Pekin* v. *Winkle*, 77 id. 56; *Stack* v. *East St. Louis*, 85 id. 377.

Mr. Justice Phillips delivered the opinion of the Court:

This is an appeal from a judgment of the Appellate Court for the First District, affirming a decree of the circuit court of Cook county. The facts on which the decree dismissing the

bill was based, are sufficiently stated in the opinion of the Appellate Court by Moran, J. which is as follows:

"The bill in this case was filed to restrain and prevent encroachment upon appellants' rights as abutting owners and occupiers of the union passenger station and grounds situated on the east side of South Canal street in Chicago. The bill claims that at common law, and under the ordinances of the city, complainants are entitled to have the space in front of said station grounds, from the east line of the street west to the center line thereof, kept free and unobstructed by and clear of solicitors, hotel runners and drivers, and of all vehicles and persons not in the employ of complainants, and engaged in the prosecution and management of the business of said stations; alleges that the mayor, chief of police, etc., have assumed, in their official capacity, and against the will of complainants, to give express drivers and hotel runners the right and privilege of standing in front of said passenger station, and east of the center line of said Canal street, and soliciting employment, and have assumed to direct policemen on duty at said station not to interfere with or arrest such persons for so doing; that by reason thereof, persons, in large numbers, gather in front of said station and near the east line of said street, and in loud tones of voice solicit business for hotels, express wagons and other vehicles, thereby obstructing the street and sidewalk in front of said stations, and annoying the occupants of said building and the throng of passengers going to and from said station; that defendants Cheevers and Geary are among the persons so acting, and that they combine with others, and threaten to continue to violate complainants' rights. The prayer is, that the mayor, chief of police, etc., be restrained from giving, against complainants' will, permission to any persons to stand, or to stand any vehicle, in front of complainants' station east of the center line of said Canal street, there to solicit or wait for employment, and that said Cheevers and Geary be enjoined from acting under any per-

mission granted by any official to stand in front of said station and there wait for or solicit employment, and that said injunction be made perpetual, etc.   The bill was answered by the defendants, a temporary injunction denied, and the matter referred to the master to take proofs and report his conclusions.   The master reported against granting the relief prayed, and on a hearing of exceptions to his report the same was confirmed, and the bill ordered by the court to be dismissed for want of equity.

"The master has stated in his report, which we find in the record, the conclusions as to law and fact reached by him with clearness and force, and an examination of the record and consideration of the arguments presented in the briefs of counsel have led us to the conviction that the result reached by him, and, as to the substantial questions in the case, approved by the court, is correct.

"The master states that he 'finds and concludes that the manner in which said business of soliciting passengers for their patronage for hotels and express wagons is conducted is a nuisance as to such passengers and to the public, but that such conduct on the part of said expressmen and hotel runners does not interfere with the railroad company in the discharge of its duties and as a common carrier of freight and passengers, and does not deprive it of free access to the street in front of its depot, and does not interrupt or hinder its business, and that such nuisance is not a nuisance to the railroad company in such a manner that it is especially and peculiarly injured thereby, aside from annoyance suffered by the traveling public patronizing its depot and road.   The whole effect of the testimony is, that the only detriment to the railroad company from the manner of conducting their business by the hotel runners and expressmen is through annoyance caused to passengers entering and departing from said depot, and it is argued, that from such annoyance the business of the company is injuriously affected, in that passengers will avoid

patronizing a depot or railroad in order to patronize which they have to expose themselves to such annoyance. I conclude, as a matter of law, that such annoyance and indirect injury do not constitute such a nuisance as a court of equity will enjoin, but that, in order to lay the basis for equitable relief, it is necessary to show that the complainant is injured in its property rights by the obstruction or interference with its easement and right to an uninterrupted use of the public street in front of its premises, and such detriment and annoyance as it suffers in common with the public, and which is only indirect, must be left to the public authorities to regulate and control, and can not be remedied by a court of equity on the application of one as a member of the public, even though he may suffer more than the majority of others from its existence.'

"It is needless to discuss the numerous authorities cited by the learned counsel for appellants which it is claimed establish a rule for this case contrary to that stated by the master. Each one will be found to depend for its decision upon special and peculiar circumstances and conditions which do not exist in this case. Such occupation or obstruction of a public street as will entitle an owner of land abutting thereon to the aid of a court of equity to abate, must be shown to be such as works an injury to him, not merely greater in degree than that sustained by others of the general public, but such as is special and peculiar in its effects upon him in relation to the use and enjoyment of his property. Such a case is not made out by this record, and the decree dismissing the bill for want of equity must therefore be affirmed."

We have examined the argument of counsel for appellants in support of the errors assigned on the record here, and are of opinion that the decree dismissing the bill was properly entered. We are satisfied that the reasons for affirmance of that decree are sufficiently stated in the foregoing opinion.

The judgment of the Appellate Court is affirmed.

*Judgment affirmed.*