## South Park Commissioners, et al., v. John Farson, et al.

### Gen. No. 12,145.

1. INJUNCTION—*what essential to proper issuance of, without notice.* To entitle a complainant to an injunction without notice, facts must be stated on oath either in the bill or in an affidavit accompanying the same from which the court may justly draw the conclusion that the "rights of the complainant will be unduly prejudiced unless the injunction is issued without notice."

Bill for injunction. Appeal from the Superior Court of Cook County; the Hon. ELBRIDGE HANECY, Judge, presiding. Heard in the Branch Appellate Court at the October term, 1904. Reversed and remanded. Opinion filed March 21, 1905.

DELAVAN B. COLE and EDWARD P. EASTMAN, R. P. HOLLETT and FRANK HAMLIN, for appellants.

CHESTER B. MASSLICH and CHARLES F. DAVIES, for appellees.

MR. PRESIDING JUSTICE BAKER delivered the opinion of the court.

The South Park Commissioners, the West Chicago Park Commissioners and the Commissioners of Lincoln Park, three public corporations, had each adopted an ordinance regulating the use of automobiles in the parks of such corporation. In a bill filed by appellees against said three corporations the Circuit Court made, without notice, an order for a temporary injunction restraining the defendants from enforcing said ordinances and from that order this appeal was taken.

The provisions of each ordinance are materially different from those of either of the others. The bill sets out each ordinance in full and alleges that each is invalid upon grounds peculiar to itself and that all are invalid upon grounds applicable alike to all.

The statute in express terms provides that no injunction shall be granted "without previous notice of the time and place of the application having been given to the defendants to be affected thereby, or such of them as can conveniently be served, unless it shall appear from the bill or affidavit accompanying the same that the rights of the complainants will be unduly prejudiced if the injunction is not issued immediately or without such notice." R. S. chap. 69, sec. 3. In an affidavit to the bill one of the complainants states "that the rights of the complainants will be unduly prejudiced and irreparable damage will be done the complainants in said bill unless an injunction is issued immediately and without notice to said defendants." Similar statements are made in the bill. But the statement that a complainant will be unduly prejudiced or irreparably damaged unless an injunction is issued without notice is but the statement of a conclusion. To entitle a complainant to an injunction without notice, facts must be stated on oath, either in the bill or affidavit, from which the court may justly draw the conclusion

that the "rights of the complainant will be unduly prejudiced unless the injunction is issued without notice." No facts are stated, either in the bill or affidavit in this case, to warrant or support the conclusion that the rights of the complainants would have been unduly prejudiced by giving notice of the application for an injunction to the defendants.

We are asked by appellees to hold that the ordinances set out in the bill are invalid and by appellants to hold that the bill is multifarious. In our opinion neither the question of the validity of said ordinances nor the question whether the bill is multifarious is properly before us for decision on this appeal.

The order appealed from will be reversed and the cause remanded.

*Reversed and remanded.*