**L. P. Stenzel and R. H. Swoboda, Appellees, v. S. N. Yates et al., Appellants.**

Term No. 50–0–19.

Opinion filed February 2, 1951. Released for publication February 28, 1951.

HAROLD N. LINGLE, of Anna, and CHARLES L. RICE, of Cairo, for appellants.

POWLESS & WINTERS, of Marion, for appellees.

MR. PRESIDING JUSTICE SCHEINEMAN delivered the opinion of the court.

The plaintiffs, L. P. Stenzel and R. H. Swoboda, as taxpayers of Alexander county, filed this suit alleging that the defendants, S. N. Yates, Guy Coleman and Andrew Serbian, have control of the general fund of Alexander county, in a confidential and fiduciary capacity, and prayed an injunction restraining the said defendants from making "any clandestine, secret, illegal contract," from making any "illegal or improper expenditures" from said fund, and from doing any of a list of other "illegal" acts.

The complaint also alleges that defendant Leslie T. Reid had obtained contracts with the other defendants for the repair of a courthouse, and of a bridge, which contracts were not submitted to open bids or other protection of the taxpayers, that the prices were exhorbitant, that the work already done was unsatisfactory, etc. The prayer is for an injunction restraining this defendant from entering "any further clandestine, secret or illegal contracts with the said trustees"; and from performing any services and collecting any money under said illegal contracts; and for an accounting.

The injunction was issued without notice or bond. A motion to dissolve was filed, heard and denied. From the latter order, this appeal was perfected by all defendants except Serbian.

The indefinite scope of the injunction was not specified as a ground for dissolution. We are of the opinion the motion to dissolve should have been allowed on other grounds which were stated, pointing to fatal defects in the complaint.

This case presents some difficulty in analysis of plaintiffs' theories and arguments, for the reason that

the complaint is framed as a suit against individuals acting in a fiduciary capacity, while all argument advanced in support of the complaint assumes that we are dealing with public officials.

■ The appellees' brief informs us that three defendants, called trustees, are actually the county commissioners, a fact not mentioned in the complaint. To explain the omission, counsel for appellees orally stated they were doubtful of the propriety of suit against the commissioners as public officers. It would seem probable the commissioners are necessary parties in a suit pertaining to contracts for the county. *Knopf v. Chicago Real Estate Board,* 173 Ill. 196; *Bradley v. Gilbert,* 155 Ill. 154. But if any law prevents such suit, it is most unlikely that equity would permit its evasion by indirection or subterfuge.

■■ However, our decision is confined to the sufficiency of the complaint in its actual form. We find no express trust is alleged, from which the authority, duties and liability of the trustees would be determined. A constructive trust? Three defendants have control of a fund. Whether as commissioners, receivers, depositaries, attorneys or otherwise is not stated, nor any set of facts to establish a constructive trust. Where a constructive trust is relied upon, facts requisite to show its existence must be alleged in the complaint. *Klein v. Chicago Title & Trust Co.,* 295 Ill. App. 208.

■ The general rules of equity pleading apply in injunction suits, but the requirements of definiteness and certainty as to the essential facts "applies with peculiar force and strictness where the relief sought is injunction." 28 Am. Jur. (Inj.) sec. 280.

■■ The failure to meet this requirement appears not only in the statements as to fiduciary capacity, but also in practically all of the allegations concerning defendants' acts. The claim that various acts were il-

legal, appears only as a conclusion, with no facts from which a court could find illegality. It is said of several contracts, that they were not submitted to "open public bids" nor other protection afforded taxpayers. What is meant by such other protection is not indicated. As for bids, there are, of course, various statutes requiring some public officials to call for bids where the amount involved may exceed a certain minimum. But the complaint fails to comply with the rule that where a breach of statutory duty is alleged, the statute must be cited. Supreme Court Rule 13 [Ill. Rev. Stat. 1949, ch. 110, par. 259.13; Jones Ill. Stats. Ann. 105.13]. Not only is this reference absent, but there is no statement of any amount involved, nor, as previously noted, that these are public officials. Even the briefs contain no reference to such supposed law.

██ It is charged there have been illegal transfers from one account to another, and that expenditures exceed the amount appropriated. What this can mean applied to private individuals, as distinguished from municipal bodies, we do not know. If we refer to the fact, not alleged, that county commissioners are involved, we then observe that such officials have specific authority to make transfers of funds and to exceed appropriations, subject to some restrictions. Chapter 34, par. 110i, Ill. Rev. Stat. 1949 [Jones Ill. Stats. Ann. 33.122]. No facts are alleged to justify the pleader's conclusion that the acts were illegal. Similar defects appear in other paragraphs as to the defendant trustees. And as to the defendant Reid, the allegations amount to nothing more than a statement of the pleader's opinion that the contractor's charges were too high, and his work not satisfactory and workmanlike.

 The extraordinary character of the injunctive remedy requires that it be awarded only where the complaint shows on its face a clear right to the relief.

440

The facts relied upon to establish such right must be alleged positively and with certainty and precision, not mere opinions and conclusions. *Gates v. Sweitzer,* 347 Ill. 353; *Peoples Gas Light & Coke Co. v. Cook Lumber Terminal Co.,* 256 Ill. App. 357. The complaint in this case wholly fails to meet this standard. And on appeal from an order on a motion to dissolve an injunction, the case is deemed to stand as though defendant had demurred to the bill. *Spiegler v. City of Chicago,* 216 Ill. 114.

■ If the complaint before us had met the requirements above set forth, we would still be obliged to reverse this particular case, because the injunction was issued without notice, although there were no averments that would dispense with the necessity of notice. The complaint is silent on the subject, except for the general statement, that plaintiffs "will suffer irreparable injury and will be unduly prejudiced," by giving notice.

■ This statement is a mere conclusion and cannot justify failure to give notice. *Brough v. Schanzenbach,* 59 Ill. App. 407; *Parish v. Vance,* 110 Ill. App. 50; *South Park Commissioners v. Farson,* 119 Ill. App. 337; *Pepper Distributing Co. v. McLeod,* 121 Ill. App. 592; *Brin v. Craig,* 135 Ill. App. 301; *Grabarski v. Stankowicz,* 179 Ill. App. 45; *Balaban & Katz Corp. v. Rose,* 283 Ill. App. 615; *Thulin v. National Ice & Fuel Corp.,* 293 Ill. App. 155; *Christian Hospital v. People ex rel. Murphy,* 223 Ill. 244.

■ Our statute, par. 3, ch. 69, Ill. Rev. Stat. 1949 [Jones Ill. Stats. Ann. 109.351] expressly provides that no court or judge shall issue an injunction without previous notice of the time and place of application. Exception is made only if undue prejudice is made to appear if not issued immediately or without notice. Obviously, two possible situations are contemplated; 1, the facts may show that even a slight delay will cause

damage or prejudice, so that action must be taken immediately; or 2, that the giving of notice may defeat the purpose of the writ.

Neither circumstances is indicated by the allegations in the complaint in this case. The excuse offered by appellees is that the circuit court is not always in session, and the circuit is large. There is no allegation or other showing that court was not in session. This suit was filed on September 2, 1950, and the order received and entered by the clerk the same day. Counsel conceded on oral argument that it is a court order, not one by a judge in vacation. Yet they also admit conferring with the judge on the previous day. Obviously, in these days of rapid communication, the claim there was no time to give any notice of the hearing in court on the next day, is without merit.

Appellees seem to imply the lack of notice was waived when the motion to dissolve was filed. The modern rule is that the lack of compliance with the statute on notice may be urged on motion to dissolve the injunction, without the necessity of limiting the appearance, and it may be presented alone or in connection with other grounds. The point has not been waived in this case, but was specifically included in the motion. *Kessie v. Talcott,* 305 Ill. App. 627; *Wagner v. Okner,* 306 Ill. App. 601.

Appellants also contend that this court order was made September 1, with no suit pending before the court, since the suit was filed September 2. The order in this case is dated on its face September 1, but the clerk shows it filed on the 2nd along with the complaint. The record before us does not include the usual clerk's recitals, as to a day of court on either the 1st or the 2nd, or that the order appears among the proceedings of either such day. It is encumbent upon the appellant to file a record in this court complete enough to present errors complained of. This record

442

does not sufficiently present the point in question, therefore, it is not considered.

For the other reasons given, the order of the circuit court is reversed, and the cause remanded with directions to allow the motion to dissolve, and to dissolve the injunction.

*Reversed and remanded.*

CULBERTSON, J., and BARDENS, J., concur.