Liberty National Bank of Chicago, as Trustee Under Trust Number 1983, Appellant, v. Irving Metrick, Trading as Metrick Electric Company, and Checker Taxi Company, Appellees.

Gen. No. 45,738.

Opinion filed June 18, 1952. Released for publication July 17, 1952.

HARRY G. FINS, of Chicago, for appellant.

GOTTLIEB & SCHWARTZ, and JESMER & HARRIS, all of Chicago, for appellees; CLAUDE A. ROTH, and H. R. BEGLEY, both of Chicago, of counsel.

MR. JUSTICE LEWE delivered the opinion of the court.

Plaintiff, Liberty National Bank of Chicago, as trustee, filed a complaint against defendants for a mandatory injunction to compel the removal of a metal pole, to which a telephone box was fastened, inserted along the edge of the sidewalk abutting the premises alleged to be owned by plaintiff. On defendants' motion the complaint was dismissed for want of equity. Plaintiff appealed the cause directly to the Supreme Court where it was transferred to this court. (410 Ill. 429.)

The complaint alleges in substance that plaintiff owned the premises located at the northwest corner of Halsted and 35th Streets in the City of Chicago,

Cook county, Illinois; that they are improved with a two-story building containing several stores and offices; that the sidewalk in front of the premises is owned by plaintiff in fee simple; that the public merely has an easement to walk upon the sidewalk; that on November 15, 1950, the City Council of the City of Chicago ordered the Commissioner of Streets and Electricity to grant permission to Checker Taxi Company to erect a post in the parkway on the north side of West 35th Street within the cabstand number 274 space west of Halsted Street for the purpose of installing a telephone box; that the City of Chicago does not have authority to permit the establishment of telephone stations on sidewalks or on poles erected on the sidewalk in the City for the exclusive use of private foreign corporations; and that on December 12, 1950, defendant Metrick erected the metal pole in question about two and a half feet away from the curb on plaintiff's premises.

The complaint further alleges that the location of the taxi company's cabstand and telephone station in front of plaintiff's property will result in almost "constant standing of taxicabs and congregation of taxicab drivers in front of plaintiff's property, leaving no space for automobiles of customers and prospective customers of the stores and offices located in plaintiff's building, and will result in the loss of trade and rental value of said stores and offices"; and that plaintiff does not have an adequate remedy at law and "will suffer irreparable damage." The complaint concludes with a prayer asking that a decree be entered ordering defendants to remove the metal pole and to restore the premises to their former condition.

 The rule has been repeatedly announced by our Supreme Court that equity will not entertain jurisdiction and issue an injunction unless the complainant shows that he will be injured if relief is not granted,

and the allegations must be clear and distinct that substantial injury will be sustained. See *Joseph v. Wieland Dairy Co.*, 297 Ill. 574, and cases there cited. In *Haack v. Lindsay Light & Chemical Co.*, 393 Ill. 367, the court, at page 372, adverting to *Dunn v. Youmans,* 224 Ill. 34, said that "courts will move with caution in granting any injunction, especially in granting those of mandatory character, and that to entitle a person to relief by injunction he must establish an actual and substantial injury, not merely a technical or inconsequential wrong entitling him to nominal damages."

█ Plaintiff's allegation that he "will suffer irreparable damage," is a conclusion. *Stenzel v. Yates,* 342 Ill. App. 435.

█ A private citizen cannot call upon a court of equity to enjoin an injury threatening purely public rights. See *Joseph v. Wieland Dairy Co.*, 297 Ill. 574.

█ In its brief plaintiff says that the street was made available to the public by a common-law dedication and not a statutory dedication. No such allegation appears in the complaint. But, even so, where the owners of abutting lots own the fee in the street the city may use such street, including the sidewalk space, for all the purposes to which a street may be put, without the consent of the abutting owner. *Horn v. City of Chicago,* 403 Ill. 549.

█ The primary right to the use of the streets and sidewalks of a city for the purposes of travel belongs to the public everywhere, and not to the abutting property owners alone. *City of Elmhurst v. Buettgen,* 394 Ill. 248.

█ In the present case the relief sought is the removal of the metal pole and it is alleged in the complaint that inconvenience might result to persons having occasion to deal with the tenants in the stores and offices located in plaintiff's building, by reason of the taxicab drivers gathering in the vicinity of the metal

telephone pole. This is an inconvenience to plaintiff which it suffers in common with other citizens who have occasion to use the sidewalk, and is in our view indirect and inconsequential, not warranting equitable relief. See *Pittsburgh, Ft. W. & C. Ry. Co. v. Cheevers,* 149 Ill. 430.

■ Moreover, according to the allegations of the complaint the metal post was placed in the sidewalk by the express permission of the City. Under these circumstances in order to test the right of defendants to obstruct the sidewalk in question the action should be brought by the City or by some public officer on behalf of the City. *Chicago Telephone Co. v. Northwestern Telephone Co.,* 199 Ill. 324.

■ In the recent case of *Cassidy v. City of Waterbury,* 130 Conn. 237, the city installed thirteen parking meters in front of the premises owned by the plaintiff. There the complaint alleged that plaintiff was a taxpayer and property owner. In his prayer for relief he asked for an injunction requiring the city to remove the parking meters in the street adjacent to his property. The gravamen of his complaint was that he was injured in his rights as a property owner. The court, at page 245, said: "The police commissioners had authority to install the meters, and if in procuring them the provisions of the city charter were not complied with, this does not entitle the plaintiff as the owner of the property in front of which some of them were installed to compel their removal." See *New York, N. H. & H. R. Co. v. Wheeler,* 72 Conn. 481, 491, 45 Atl. 14.

For the reasons given, the order dismissing the amended complaint for want of equity is affirmed.

*Order affirmed.*

KILEY, P. J. and FEINBERG, J., concur.