City .of Edwardsville, Illinois, Plaintiff-Appellee, v. Illinois Terminal Railroad Company, Defendant-Appellant.

Term No. 53–F–8.

Opinion filed April 7, 1953. Released for publication April 27, 1953.

J. A. GORMAN, of St. Louis, Missouri, and BURROUGHS, SIMPSON & BURROUGHS, of Edwardsville, for appellant.

C. TERRY GUELTIG, and JOHN G. MUDGE, both of Edwardsville, for appellee.

MR. JUSTICE SCHEINEMAN delivered the opinion of the court.

The plaintiff, City of Edwardsville, obtained a temporary injunction against defendant, Illinois Terminal Railroad Company, without notice. The defendant filed a motion to dissolve the injunction which was promptly heard, but was taken under advisement for about 60 days, and then denied. Within 30 days after the entry of that order the defendant perfected this interlocutory appeal.

The plaintiff has filed in this court a motion to dismiss the appeal, which motion has been taken with the case. The only question raised by the motion is whether the appeal was perfected within the time pre-

scribed by law. The statute (par. 202, ch. 110, Ill. Rev. St. [1951; Jones Ill. Stats. Ann. 104.078]) providing for interlocutory appeals within 30 days has been implemented by Rule 31 of the Supreme Court (Rule 23 of this court). Under this rule the defendant is obliged to file a motion to dissolve an injunction before taking an appeal and is authorized to appeal if the motion is denied or if the court does not act thereon within seven days of its presentation.

The rule further provides: "In such cases the 30 days allowed for taking appeal and filing the record in the Appellate Court shall begin to run from the day the motion is denied or from the last day for action thereon."

The plaintiff contends, in effect, that this requires the appeal to be perfected within whichever of the two specified periods expires first. If the rule has that effect, then the defendant was completely deprived of any right to appeal from the court's decision, since it was not announced until more than 30 days after the prescribed time for such action.

The purpose of the rule is obvious. The provision authorizing an appeal within 30 days from the ruling on the motion would normally be sufficient, except in cases where the court fails to act within the specified seven days and holds the motion under advisement for a longer period, which might effectively nullify the right of appeal. In order to prevent such a result, the defendant is given the privilege of appealing within 30 days from the expiration of the time allowed by the rule for disposition of the motion.

There is no reason for making this second alternative compulsory. If the defendant is willing to abide by the injunction order until the court rules on the motion, the ruling may be favorable and obviate any need of appeal. The statute specifically confers the right to appeal from an order overruling a motion to

dissolve an injunction. The rule does not purport to cancel that right, but preserves it and supplements it with the alternative above quoted. The two rights are stated in the disjunctive, with no reference to which occurs first, nor any other qualification.

█ Accordingly, we hold that under this rule the defendant could have appealed within 30 days after the expiration of seven days from the presentation of its motion to dissolve, but it had the alternative of awaiting the decision of the court and appealing within thirty days of its pronouncement. The motion to dismiss the appeal is denied.

As to the sufficiency of the proceedings for an injunction without notice: It appears that the Illinois Commerce Commission had entered an order abolishing two grade crossings in the City of Edwardsville and directing the railroad to erect barricades which the defendant has undertaken to do. It also appears that the Commission found there might be private rights in the crossings, and directed the railroad, "at its own expense to acquire any private property rights presently existing" in the crossings. The complaint further alleges that certain private property rights do exist in the crossings and that the defendant does not intend to acquire them.

The validity of the Commission's order is not in dispute and no review thereof has been asked. The order has effectively terminated the public right to use the crossings, and does not purport to create or define any private rights; it merely observes that such rights may exist. Of course, if they do exist, a private right or title cannot be taken without compensation, as the Commission recognized.

That the defendant could acquire such rights by purchase or otherwise is not questioned. On the contrary, the theory of the complaint purports to be that the defendant is evading its obligation in that respect.

Thus, the essence of the charge is that some undisclosed persons are entitled to receive undetermined sums of money from the defendant which the latter does not intend to pay.

Based solely upon the foregoing, the city asked for and was granted a temporary injunction, without notice, restraining defendant from barricading the crossings. The complaint contains nothing to indicate that the giving of notice would cause the loss of, or undue prejudice to, the right of any private party to collect his just debt; nor is any prospective detriment to the city or the general public mentioned, which would result from the giving of notice.

■ It is unnecessary for this court to consider or decide whether any relief could be decreed for plaintiff on a proper hearing. Our statute on injunctions (ch. 69, sec. 3, Ill. Rev. St. [1951; Jones Ill. Stats. Ann. 109.351]) expressly prohibits the issuance of an injunction without notice unless it appears that, "the rights of the plaintiff will be unduly prejudiced if the injunction is not issued immediately or without notice." This requirement must be met by sworn averment of facts. *Stenzel v. Yates,* 342 Ill. App. 435.

■ The plaintiff completely failed to meet this requirement. It follows that the court erred in issuing the injunction without notice and should have allowed the motion to dissolve. The order of the circuit court is therefore reversed and the cause remanded with directions to allow the motion and to dissolve the injunction.

*Reversed and remanded.*

BARDENS, P. J. and CULBERTSON, J., concur.