J. H. Walters & Co., Modern Plumbing & Heating Co., Inc., John Barrett, d/b/a James Barrett Sheet Metal Contracting Company, Ralph E. Gissal, d/b/a Ralph E. Gissal Heating Service, Charles J. Pitts, d/b/a Pitts Sheet Metal and Heating Company, and George W. Bock and Emmett C. Hunt, d/b/a Elk Heating & Sheet Metal Company, Plaintiffs-Appellees, v. Canham Sheet Metal Corporation, Defendant-Appellant, and Local Union No. 268 of Sheet Metal Workers Association, A. F. of L., Appellant.

Term Nos. 55-O-21, 55-O-24.

Fourth District.
November 29, 1955.
Released for publication December 21, 1955.

Case No. 55–O–21: Verlie, Eastman, Schlafly & Godfrey, of Alton, for defendant-appellant; Harry H. Marshall, of Alton, of counsel; Sale, Gruenberg & Eliseuson, of St. Louis, Missouri, for appellant; John M. Schobel, of St. Louis, Missouri, of counsel.

John W. Hoefert, and Ross Armbruster, both of Alton, for plaintiffs-appellees.

Case No. 55–O–24: Verlie, Eastman, Schlafly and Godfrey, of Alton, for defendant-appellant; Harry H. Marshall, of Alton, of counsel.

John W. Hoefert, and Ross Armbruster, both of Alton, for plaintiffs-appellees.

PRESIDING JUSTICE BARDENS delivered the opinion of the court.

This matter involves two appeals which have been consolidated for hearing. The appeal is from a temporary injunction issued without notice and without bond.

Plaintiffs on July 7, 1955, filed their verified complaint in the court below, the material parts of which are as follows:

"1.  They are owners and operators of Sheet Metal Companies which are licensed and doing business in the State of Illinois and which said companies are situated in and around, Alton, Illinois, in Madison County.

"2.  Defendant, Canham Sheet Metal Corporation, is a corporation licensed and doing business in the

123

State of Illinois with its principal place of business at 1480 Pearl Street, Alton, Illinois.

"3. On or about June 30, 1955, the Plaintiffs and Defendant entered into an oral agreement.

"4. Under this agreement, Plaintiffs and Defendant mutually promised and agreed to refrain from executing any wage contracts and from dealing individually with the Sheet Metal Workers Union, Local No. 268, in regard to wage and labor negotiations between said union and said employers, and to act in concert in regard to such dealings.

"5. That the contract of employment between the owners and operators of such sheet metal business and the said Union expired on June 30, 1955, and has not yet been renewed.

"6. On or about July 1, 1955, the Defendant made an individual agreement with the said Union, contrary to the contract entered into between Plaintiffs and Defendant as set out in Paragraphs 3, 4, and 5.

"7. By entering into an individual agreement with the said Union, the Defendant is operating his business while Plaintiffs are not operating their business, that thereby Defendant is taking unfair advantage of Plaintiffs, and is engaging in unfair competition and the Defendant has damaged and will continue to damage Plaintiffs irreparably unless Defendant be immediately enjoined without notice and without bond from further operation of its Sheet Metal Business until such time as Defendant has acted pursuant to the contract between the Defendant and Plaintiffs."

Temporary injunction without notice and without bond was issued on the same date restraining defendant from operating its business. The injunction order was served on the defendant on the same date also. Thereafter defendant filed a motion to dissolve. This motion was argued and the injunction order was modified restrain-

ing defendant from operating its business only in so far as the business was operated under a contract executed with Local Union No. 268 of the Sheet Metal Workers Association on July 1, 1955. The modified order, entered July 12, 1955, denied the motion to dissolve but required a bond of plaintiffs in the sum of $15,000. Such bond was filed and approved.

Thereafter, on July 21, 1955, Local Union No. 268, although not a party to the suit, filed a notice of appeal in the cause and thereafter an interlocutory appeal bond executed by defendant Canham Sheet Metal Corporation and said Local Union No. 268 was presented to the court, approved, and filed. The record was filed in this court within the thirty days prescribed by statute. Plaintiffs then filed in this court a motion to dismiss this appeal on the grounds that the appeal was jointly prosecuted by a party to the record and by Local Union No. 268 who was not a party to the record; that the Union was appealing by notice of appeal and the defendant under the interlocutory appeal statute; and that the attempted joinder destroyed the entire appeal. Thereafter, but still within the thirty days required by statute, the defendant Canham Sheet Metal Corporation filed another interlocutory bond which was approved by the clerk of the court, which bond was not signed by the Local Union. The record on this appeal was also filed within the time allotted. The plaintiffs then filed a motion to dismiss the second appeal on the grounds that another appeal in the same cause by the same party was pending in this court and thus the second appeal was a nullity.

As above noted, the two appeals were consolidated for hearing and the motions to dismiss were taken with the case. We will first discuss and pass upon the motions to dismiss the appeals.

■■ The right of appeal is a statutory right and the statute granting it must be strictly followed or the

125

appeal dismissed. This proposition has been passed upon by the courts in scores of cases, one of the later being the People v. Bristow, 391 Ill. 101, 123, 62 N.E.2d 545. For many years the provisions for appeal from final orders and judgments have followed an entirely different pattern than those from interlocutory orders. Quite obviously this difference was adopted in order to facilitate speedier appeals and decisions in interlocutory order cases. Prior to 1887 no appeal from an interlocutory order was permitted. The original law providing therefore was the law of 1887, page 250, and the Practice Act of 1907 carried it forward without material change as Section 123 of said act. The present act, being paragraph 202 of Chapter 110 of the Illinois Revised Statutes [Jones Ill. Stats. Ann. 104.078] made changes as to the time of filing record, as to the approval of bond, and as to stay of order pending appeal. However, its objectives are the same as the previous act as the present act is designed to avoid delay that is necessary in appeals from final judgments. The essential steps necessary, however, remain the same as in the original act.

The present provisions for interlocutory appeals, like the provisions in the 1907 Practice Act, provide for two necessary steps. One is a bond approved by the clerk or the court and filed within thirty days. The second is the filing of the record within the prescribed time in the Appellate Court. Under the present act the time limit for filing the record is thirty days except that that time may be extended by the court. No prayer for appeal is necessary as it was for appeals from final judgments under the 1907 Practice Act. No notice of appeal is necessary. The appeal is commenced by the approval and filing of the bond and perfected by the filing of the record within the allotted time. The statute provides, "Upon the filing of the record in the Appellate Court the same shall there be

at once docketed, and shall be ready for hearing under the rules of said Court, taking precedence over other cases in said court." See McCarthy v. City of Chicago, 197 Ill. App. 564, for a full discussion of interlocutory appeals.

██ With these principles in mind, we find that the defendant Canham Sheet Metal Corporation has met the two requirements of the statute in its first appeal. It has filed a bond approved by the lower court and filed the record both within the time allotted. The notice of appeal filed by the Union was unnecessary and a nullity. The fact that the Union was on the bond was immaterial so long as the bond was conditioned properly and duly approved. The fact that the Union joined in the abstract and briefs was of no prejudice to plaintiffs since they did not ask for dismissal of the Union from the cause or from the abstracts and briefs, but only for dismissal of the appeal. In our opinion, the defendant Canham Sheet Metal Corporation conformed substantially to the statute and the first appeal was properly perfected.

Plaintiffs' authorities in support of their motion to dismiss the first appeal may be grouped together as applying to appeals from final judgments under the practice prior to the present Civil Practice Act. In those authorities appeals were dismissed for the reason that the appellants failed to conform to the statute or to the order of the court to whom the prayer for appeal was addressed. As noted before, appeals from final orders and judgments follow an entirely different pattern than appeals from interlocutory orders. Cases cited showing dismissals of appeals from final orders are therefore of no value in interlocutory appeals.

██ The motion to dismiss the appeal in case No. 55–O–21 is therefore denied. Since, however, the appeal in No. 55–O–24 was a second attempt to appeal

from the same order by the same party, the motion to dismiss that appeal is allowed.

■ ■ We turn now to the merits of the controversy. The complaint has heretofore been set forth. Since the injunction was granted without notice, the complaint must be sufficient to authorize the writ. Stenzel v. Yates, 342 Ill. App. 435, 96 N.E.2d 813. Scholz v. Barbee, 344 Ill. App. 630, 101 N.E.2d 845. City of Edwardsville v. Illinois Terminal R. Co., 350 Ill. App. 63, 111 N.E.2d 707. Brown Music Co. v. City of Sullivan, 350 Ill. App. 400, 113 N.E.2d 208. Callahan v. Holsman, 351 Ill. App. 1, 113 N.E.2d 483. We have held in such cases that the complaint must on its face show facts that justify the relief and that a statement that plaintiffs "will suffer irreparable injury" is insufficient without facts to support it. Stenzel v. Yates, 342 Ill. App. 435, 96 N.E.2d 813. See also Liberty Nat. Bank of Chicago v. Metrick, 347 Ill. App. 400, 106 N.E.2d 889. The complaint in the instant case alleged that defendant breached a contract and that it was operating its business and that plaintiffs were not. The complaint shows on its face that the place of business of the defendant was in the same city as the lower court and the record shows that the injunction writ was served on defendant on the same date that the order was signed. There are no facts stated in the complaint which even tend to show that irreparable injury would ensue from the short delay that would be required by the giving of notice. We hold, therefore, that the injunction was improvidently granted.

Motion to dismiss appeal in No. 55–O–21 denied. Motion to dismiss appeal in No. 55–O–24 allowed and appeal dismissed. Orders granting temporary injunction and overruling motion to dissolve are reversed and the cause is remanded for further proceedings.

CULBERTSON and SCHEINEMAN, JJ., concur.