**Triangle Sign Company, Appellant, v. Randolph and State Property, Inc., et al., Appellee.**

**Gen. No. 47,155.**

First District, First Division.

December 16, 1957.

Released for publication February 10, 1958.

William J. Ruttenberg, of Chicago (Joseph I. Bulger, G. J. Devanna, and F. A. Fanelli, of counsel) for appellant.

Daniel A. Gallagher, of Chicago, for appellee.

JUSTICE McCORMICK delivered the opinion of the court.

This is an appeal from an order entered in the Circuit Court of Cook county striking, on the motion of defendant Randolph and State Property, Inc., an amended complaint for an injunction filed by Triangle Sign Company, hereafter referred to as plaintiff.

The dispute had its genesis in an agreement entered into between the plaintiff and defendant Randolph and State Property, Inc. whereby defendant agreed to permit the plaintiff to erect an electrical sign on the exterior Randolph side wall of a building at the northwest corner of State and Randolph streets, Chicago, Illinois in the possession and under the control of the said defendant. The contract contained, among other things, the following provision:

"18. It is further understood and agreed that the entire marble or stone wall surface on the Randolph Street side of the building above the first floor shall be free of signs, except for the Schlitz sign, or any other mutually approved display, at all times that this Agreement is in full force and effect. It is further understood and agreed that any other display sign

that may be placed on the roof of the building will be of a non-competitive nature to the sign of Schlitz, to be erected under this Agreement."

On October 4, 1956 the plaintiff filed an amended complaint seeking an injunction against the Randolph and State Property, Inc., Trans World Airlines, Inc., a corporation, and Art Kraft Strauss Signs, Inc., a corporation. In the complaint the plaintiff alleges the agreement with Randolph and State Property, Inc. and that under and by virtue thereof plaintiff had contracted with the Joseph Schlitz Brewing Company and its agents for the erection of a "spectacular treatment" sign on the Randolph street side of the building in question. The complaint defines a "spectacular treatment" sign as one that flashes on and off and which, because of its peculiar nature and attraction, has a very high and favorable advertising value. The complaint further alleges that the Randolph and State Property, Inc. is about to make some arrangement with parties unknown to the plaintiff under which a "spectacular treatment" sign is to be erected and maintained on the roof of the said building, and it further alleges that the other defendants are cooperating with defendant State and Randolph Property, Inc. to build and erect a "large spectacular sign" for the defendant Trans World Airlines, Inc. upon the roof of the said building. The complaint sets out a portion of section 18 of the agreement and alleges that a "spectacular treatment" sign, since it is of the same nature as the sign maintained by the plaintiff on behalf of Joseph Schlitz Brewing Company, will thereby be of a competitive nature to such sign and will be a breach of the said provision of the agreement. The complaint prays that the Randolph and State Property, Inc. be enjoined from permitting the erection of any "spectacular treatment" sign on the roof of the said building, and that defendants Trans World Airlines, a corporation, and

24

Kraft Signs Company, a corporation, be enjoined from erecting any "spectacular sign" on the roof of the said building.

On October 17, 1956, Randolph and State Property, Inc., hereafter referred to as defendant, filed a motion to dismiss the amended bill of complaint, alleging that the bill of complaint does not state a cause of action against the defendant nor does it charge the defendant with any wrongful act which would cause injury to the plaintiff; that it fails to allege that the defendant is about to do anything which will result in a breach of its agreement with the plaintiff inasmuch as the business of Trans World Airlines, Inc., whose sign is proposed to be erected on the roof, is not a business in competition with the Joseph Schlitz Brewing Company; and that the bill of complaint is vague, ambiguous and uncertain, containing merely conclusions and fails to allege any facts which would constitute a cause of action against the defendant. To this motion the defendant attached an affidavit which quotes from certain letters between the plaintiff and the defendant written prior to the time of the writing of the said agreement, which letters were attached to the affidavit as exhibits. The gist of the affidavit is that at the time when the said agreement was entered into both parties thereto interpreted clause 18 restricting signs on the roof of the building to those "of a non-competitive nature to the sign of Schlitz" to mean that the signs prohibited should be signs advertising a business which was in competition with the business of the Joseph Schlitz Brewing Company.

The trial court, after hearing, entered an order on October 26, 1956 sustaining the defendant's motion to dismiss the amended complaint, from which order this appeal is taken.

The Practice Act, in section 45 (Ill. Rev. Stat. chap. 110, par. 45), provides that all objections to

pleadings which had been theretofore raised by demurrer should be raised by motion, and sets out certain requirements which must necessarily be included in such motion. The Illinois courts have held that all legal rules which had theretofore applied to demurrers should apply to and govern motions filed under section 45. A demurrer must be based on matters appearing on the face of the pleading. 30 I. L. P. Pleading, sec. 193, and cases therein cited. The statutory substitution of a motion for a demurrer hence became merely a change in nomenclature.

Section 45 of the Practice Act does not provide for the filing of affidavits in support of a motion. Section 48 provides that the defendant might file a motion to dismiss the action when it is shown that certain defenses set out in the section exists. These defenses were those which could formerly have been raised by a plea in abatement at common law, together with certain others which could have been raised by a plea in bar. Section 48 provides that affidavits can be filed in support of motions made thereunder. It has been held that affidavits could not properly be considered on a motion made under the provisions of section 45 (Hansen v. Raleigh, 391 Ill. 536, 549), but see Mutual Tobacco Co. v. Halpin, 414 Ill. 226, and Krebs v. Thompson, 387 Ill. 471.

The question we will first consider is, could the trial court have properly found that the complaint did not on its face state a cause of action, looking at the complaint alone and not considering the affidavits and exhibits filed with the motion. If so, if the trial court could have treated the affidavit and exhibits as surplusage and still have found that no cause of action was stated by the complaint, the ruling was proper.

Motions to dismiss admit facts well pleaded, but do not admit conclusions of law or conclusions of fact unsupported by allegations of specific facts upon

which such conclusions rest. Roe v. Cooke, 350 Ill. App. 183; Mullberg v. Johnson, 340 Ill. App. 92; Skidmore v. Johnson, 334 Ill. App. 347. It has also been held that in order to authorize an injunction there must be a clear showing of violation of the rights of the complainant and it must also appear clearly that there is a specific injury by reason of such violation. Central Cotton Garment Mfg. Ass'n v. International Ladies Garment Workers Union, 280 Ill. App. 168. The allegations in the complaint must clearly and distinctly show that a substantial injury will be sustained. In Liberty Nat. Bank v. Metrick, 347 Ill. App. 400, the court says:

"The rule has been repeatedly announced by our Supreme Court that equity will not entertain jurisdiction and issue an injunction unless the complainant shows that he will be injured if relief is not granted, and the allegations must be clear and distinct that substantial injury will be sustained. See Joseph v. Wieland Dairy Co., 297 Ill. 574, and cases there cited. In Haack v. Lindsay Light & Chemical Co., 393 Ill. 367, the court, at page 372, adverting to Dunn v. Youmans, 224 Ill. 34, said that 'courts will move with caution in granting any injunction, especially in granting those of mandatory character, and that to entitle a person to relief by injunction he must establish an actual and substantial injury, not merely a technical or inconsequential wrong entitling him to nominal damages.'

"Plaintiff's allegation that he 'will suffer irreparable damage,' is a conclusion. Stenzel v. Yates, 342 Ill. App. 435."

See also Joseph v. Wieland Dairy Co., 297 Ill. 574, 579; Girard v. Lehigh Stone Co., 280 Ill. 479, 485; Allott v. American Strawboard Co., 237 Ill. 55, 62; 43 C. J. S. Injunctions Sec. 22(a). This rule is not applicable with reference to a restrictive covenant in a lease (21 I. L. P. Injunctions, sec. 47); however, we have held

27

that an agreement letting an outer wall for advertising purposes is a license and not a lease. Bielzoff Products Co. v. Beam Distilling Co., 3 Ill.App.2d 530, 534, and cases cited.

Assuming that the contention of the plaintiff is correct that any "spectacular treatment" sign erected on the roof would be competitive to the Schlitz sign, there is no allegation of injury to the plaintiff upon which damages could be predicated. The arrangement which the plaintiff had with the Joseph Schlitz Brewing Company with reference to the sign is not set out in the complaint nor is there any showing that the Schlitz Company had any knowledge of the said provision. There is no showing that the Schlitz Company made any complaint or threatened to take any action against the plaintiff, and nowhere in the complaint is it indicated in what manner the plaintiff would be affected, even if it were shown that the Schlitz Company felt it was injured by the sign proposed to be erected. The plaintiff in its amended complaint only alleges that if a "spectacular treatment sign" was erected that the efficiency and value of the Schlitz sign will be lost to plaintiff and Schlitz and that the plaintiff will thereby suffer irreparable damage. These statements are purely conclusions unsupported by any specifically alleged facts, and are not properly admitted by a motion to strike under section 45. The complaint did not state a cause of action.

Another ground upon which the court could have held the complaint insufficient is the rule that an injunction will not be granted to enforce the terms of a contract where such contract is not definite and certain and where its terms are vague and ambiguous. 43 C. J. S. Injunctions sec. 80c (2) (b); Cleveland v. Martin, 218 Ill. 73, 90; Hein v. Shell Oil Co., Inc., 315 Ill. App. 297, 303.

In our previous discussion we have assumed, for the sake of argument, the correctness of the con-

28

tention of the plaintiff that the meaning of a sign competitive to the sign of Schlitz meant any "spectacular treatment" sign erected on the roof of the building. To so interpret section 18 would require the turning of a semantic handspring, and such a conclusion would be as strained as Sergeant Buzfuz' interpretation of the notes written by Mr. Pickwick to his landlady concerning "chops with tomato sauce" and "the warming pan" in the case of Bardell v. Pickwick. Section 18 of the agreement is very clear when it deals with signs which might be placed on the wall adjacent to the Schlitz sign. It provides that unless there is mutual agreement the wall shall be free of any sign except that of Schlitz. It only becomes obscure when it deals with signs which may be placed on the roof, and the complaint seems to be equally uncertain in that in one place it refers to a "spectacular treatment" sign which is defined, and elsewhere to a "spectacular sign" concerning the nature of which nothing is said in the complaint. It would have been very simple in section 18 to have clearly set out the intention of the parties with reference to signs on the roof. This provision of the agreement is vague and indefinite, and in our opinion falls squarely within the category of contract provisions which a court of equity should refuse to enforce by injunction.

An injunction is an extraordinary remedy and represents the strong arm of the court, and before it is granted the right of plaintiff to such relief should appear clearly and affirmatively. 21 I. L. P. Injunctions sec. 2; Vulcan Detinning Co. v. St. Clair, 315 Ill. 40. In Harkinson's Appeal, 78 Pa. 196, the court said:

" 'There is no power,' said Mr. Justice Baldwin, in Bonaparte v. Camden & Amboy Railroad Co., 1 Bald. Cir. C. R. 218, 'the exercise of which is more delicate, which requires greater caution, deliberation, and sound discretion, or is more dangerous in a doubtful case than

the issuing of an injunction. It is the strong arm of equity that never ought to be extended, unless to cases of great injury, where courts of law cannot afford an adequate or commensurate remedy in damages.' It ought, therefore, to be guarded with extreme caution, and applied only in very clear cases: Story's Eq. Jur., sec. 959 b. Certainty is an essential element in the contract, whose enforcement is sought by injunction, and where a covenant is uncertain in its provisions, no injunction will be allowed: High on Inj., sec. 720. So, too, it is usually requisite that the party aggrieved should show some appreciable damage, as the result of the breach of covenant which he seeks to restrain: Id. * * * In Clark's Appeal, 12 P. F. Smith 447, Mr. Chief Justice Thompson said, 'injunction is a remedy in equity, to restrain or prevent such acts of wrong, as would, if done, result in irreparable injury to the property of the complainant. No decree should ever be made to be followed by writ of injunction, unless this element be clearly established.' There should be some irreparable injury, either committed or threatened, to justify an injunction."

See also Postal Telegraph Cable Co. v. Western Union Telegraph Co., 155 Ill. 335.

Counsel for defendant has urged in this court that his motion was one properly brought under section 48 and that the trial court therefore could have properly considered the affidavit and exhibits filed in support thereof. We have indicated that the order of the trial court could be sustained if the motion was considered as made by virtue of section 45 of the Practice Act. The record does not show on what ground the action of the court was based in dismissing the amended complaint. On such a record it will be presumed in favor of the ruling of the court that a sufficient cause to justify its action was made to appear.

30

Lunt v. Lorscheider, 285 Ill. 589. Considering the motion as having been made under section 45, on the record, the ruling of the court could be sustained. Under that view it is unnecessary to pass on defendant's contention as to whether or not the motion could have been properly brought under section 48 by virtue of the fact that that section was revised in the Practice Act of 1956 by the adoption, as an additional ground for the striking of a complaint, of the provision: "(i) That the claim or demand asserted against defendant is barred by other affirmative matter avoiding the legal effect of or defeating the claim or demand."

The order of the Circuit Court of Cook county dismissing the bill of complaint is affirmed.

Order affirmed.

SCHWARTZ, P. J. and ROBSON, J., concur.